UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DAVID SPEARS,

                Plaintiff,         **SUMMARY ORDER**
                                                        Case No. 12-CV-557 (FB) (SMG)

   -against-

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 202, THE CHILDREN'S
VILLAGE INC.,

                Defendants.
-------------------------------------------------------x

*Appearances*:                                           *For Defendants:*
*For the Plaintiff*:                                   FELICE B. EKELMAN, ESQ.
MORTIMER A. LAWRENCE, ESQ.          Jackson Lewis, LLP
Law Office of Mortimer Lawrence            666 Third Avenue
112-04 Springfield Blvd.                        New York, NY 10017
Queens Village, NY 11429

                                                             GEORGE A. KIRSCHENBAUM, ESQ.
                                                             Cary Kane, LLP
                                                             1350 Broadway, Suite 1400
                                                              New York, NY 10018

**BLOCK, Senior District Judge:**

        Defendant Children's Village ("CV") and defendant Local 202 move to dismiss, pursuant to Rule 12(b)(6), plaintiff David Spears's amended complaint, which principally alleges that CV wrongfully terminated him in violation of the collective bargaining agreement pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 160(b), and that Local 202 violated its duty of fair representation. Both defendants move to dismiss on the ground that (1) the claims are time barred; (2) that Spears has failed to allege facts sufficient to state a claim against CV for breach of the collective bargaining agreement; and (3) that Spears has failed to plead facts sufficient to state a claim against Local 202 for breach of the duty of fair

representation. For the reasons that follow, the Court denies defendants' motion to dismiss pursuant to Rule 12(b)(6).

I.   **Statute of Limitations**

The claims are not time barred. The prescribed statute of limitations period for "hybrid" Section 301 claims is six months. *DelCostello v. Int'l Brothers of Teamsters*, 462 U.S. 151, 169 (1983). It cannot be said that Spears "knew or should have known" that a breach of the duty of fair representation had occurred when the Union initially delayed to file his grievance because the employer had not yet deemed his grievance untimely. *Cohen v. Flushing Hosp. & Medical Center*, 68 F.3d 64, 67 (2d Cir. 1995). The clock began to run on December 8, 2011, when the employer deemed the grievance untimely and the union declined to proceed to arbitration. The claims, therefore, are not time barred.

II.   **Breach of the Collective Bargaining Agreement**

After considering the Collective Bargaining Agreement and its Appendix A (the "CBA"), both of which were attached to the complaint, the Court has determined that Spears has satisfied the plausibility requirement sufficient to support its claim that CV breached the CBA. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (In assessing a Rule 12(b)(6) motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered."). The complaint avers that CV "summarily terminated plaintiff's employment, without just cause, in violation of the [Collective Bargaining] Agreement" and that CV "has refused to reinstate plaintiff to [his] former position of employment." Pl.'s Amend. Compl. at 4. The CBA states that "[a]n

employee may be suspended or discharged for just cause." CBA at 12. It further provides that CV "may discharge an employee for the offenses listed in Appendix A without prior warning." CBA at 13. Within Appendix A, "[c]hild abuse" is listed. CBA at 52.

CV initially terminated Spears after learning that OCFS had made a finding of child abuse. That being said, CV refused to reinstate Spears once that finding of child abuse had been overturned. Because CV knew that an Administrative Law Judge had overturned the OCFS finding of child abuse, and because CV still refused to reinstate him, Spears has pled factual content that "allows the court to draw the reasonable inference that the defendant [CV] is liable" for breach of the collective bargaining agreement. *Iqbal*, 556 U.S. at 678.

### III. Breach of the Duty of Fair Representation

Spears has also alleged sufficient facts to support his claim of breach by Local 202 of its duty of fair representation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Simply put, he alleges that Local 202's delays caused him to miss his widow of opportunity to file a timely grievance. The complaint states that upon Spears's suspension, a Union representative "stated that the union and the employee would file a grievance if the charges [underlying the suspension] were sustained." It further states that after OCFS returned a positive finding of child abuse, a union representative "informed Plaintiff that he should appeal the OCFS findings, and that the Union had to wait for the appeal process to conclude before filing a grievance." It alleges that the Union then "filed a grievance on September 6, 2011." At a meeting with both defendants, CV concluded that "the grievance was not timely filed according to the bargaining contract." CV refused to reinstate Spears, and Local 202 "declined

3

to proceed to arbitration to overturn the timeliness objection." In other words, Spears relied upon the Union's advice and initially waited to file a grievance. The Union's unsound advice, and Spears's reliance upon that advice, in turn, caused him to miss the window of opportunity for filing a timely grievance. Moreover, once CV refused to reinstate Spears, the Union then failed to proceed to arbitration even knowing that the finding of child abuse had been overturned.

"A union's good faith act or omission is beyond the reach of the judiciary if and only if that action is based on a reasoned decision." *Caputo v. Nat'l Assc. of Letter Carriers*, 730 F.Supp. 1221, 1226 (E.D.N.Y. 1990). The Court relies upon Judge Glasser's well-reasoned decision in *Caputo*—a case addressing the precise question of whether the failure to timely file a grievance violates the *Vaca v. Sipes* admonition that "a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion." *Vaca v. Sipes*, 386 U.S. 171, 191 (1967). In *Caputo*, after the union had failed to file a grievance, it was rejected as untimely and its ultimate resolution was predicated on the fact of its untimeliness." *Caputo*, 730 F.Supp. at 1221, 1226. There, the court held that "the failure to act d[id] make out a claim for the breach of the duty of fair representation because it [wa]s not the result of an error of judgment. . . but rather an omission which [wa]s properly characterized as arbitrary." *Id.* at 1229.

The same is true with regard to Local 202's inaction in Spears's case. Though Spears does not have an absolute right to have his grievance presented for arbitration, Local 202's failure to proceed to arbitration knowing that the finding of child abuse had been overturned, is the kind of "unexplained union inaction which substantially prejudices a member's grievance [that] could amount to the type of arbitrary conduct which evidences

4

unfair representation." *Id.* at 1227 (citing *Ruzicka v. General Motors Corp.,* 649 F.2d 1207, 1211 (6th Cir. 1981). The Union's failure to file a grievance on Spears's behalf, which later resulted in CV deeming the grievance untimely and refusing to reinstate him, is the type of situation "where the individual interest is strong and where the result virtually extinguishes the claim" and therefore it is the type of "omission that is properly subject to judicial recourse because it does not interfere with the union's discretion." *Id.* at 1229. Spears has, therefore, plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Since Spears has demonstrated that his claim crosses the line from conceivable to plausible, dismissal is not appropriate. *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court denies defendants' motions to dismiss pursuant to Rule 12(b)(6).

**SO ORDERED.**

                                                   /S/ Frederic Block  
                                                  FREDERIC BLOCK  
                                                  Senior United States District Judge

Brooklyn, New York  
December 17, 2013